

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-26-2006

# USA v. Gonzalez

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3369

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Gonzalez" (2006). *2006 Decisions.* Paper 1212.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1212

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-3369

UNITED STATES OF AMERICA

v.

FAUSTINO GONZALEZ,
Appellant

On Appeal from the United States District Court
For the Middle District of Pennsylvania
District Judge: The Honorable William W. Caldwell
District Court No.: 02-cr-00261-07

Argued March 31, 2006
Before: SMITH and COWEN, *Circuit Judges*, and ACKERMAN, District Judge[1]

(Filed: April 26, 2006)

DENNIS E. BOYLE (ARGUED)
1525 Cedar Cliff Drive
Camp Hill, PA 17011
*Attorney for Appellant*

WILLIAM A. BEHE (ARGUED)
Office of United States Attorney
228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, Pennsylvania 17108
*Attorneys for Appellee*

[1]The Honorable Harold A. Ackerman, Senior District Judge for the District of New Jersey, sitting by designation.

OPINION OF THE COURT

ACKERMAN, *Senior District Judge*.

Appellant Faustino Gonzalez challenges the sentence imposed by the District Court after Gonzalez pleaded guilty to two counts of interstate travel in aid of racketeering (specifically, drug trafficking), in violation of 18 U.S.C. § 1952(a)(3). Gonzalez argues that: 1) the district court's calculation of the amount of heroin involved (which calculation was contained in the Presentence Investigation Report ("PSR") prepared by the Probation Department) was incorrect and overstated, inasmuch as it made Gonzalez responsible not only for the amounts of heroin that Gonzalez himself traveled interstate to acquire, but also included significant amounts purchased, distributed or sold by other members of the drug-trafficking enterprise; 2) Gonzalez was incarcerated for much of the time period in which the PSR alleged he had been purchasing, distributing or selling drugs, and thus could not have participated in the transactions ascribed to him by the PSR for those time periods when he was incarcerated; and 3) inasmuch as the District Court accepted the PSR's calculation of the quantities of heroin implicated by Gonzalez's actions in furtherance of the racketeering enterprise, including quantities attributable to the actions of other members of the drug trafficking enterprise, Gonzalez is entitled to a reduction in sentence because he was a "minimal participant" in the drug-trafficking activities alleged.

I

2

Gonzalez was initially charged with distribution and possession with the intent to distribute one kilogram or more of heroin, and conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin, pursuant to a multi-count, multi-defendant Indictment filed against Gonzalez and several other defendants. Gonzalez pled guilty to a two-count Superseding Information, and admitted to making two trips from his home in York, Pennsylvania to New York City to facilitate the drug trafficking activities of his brother, Luis "Danny" Rivera[2]. No specific quantities of drugs were admitted by Gonzalez in connection with these two trips.

Prior to and at sentencing, Gonzalez objected to most of the assertions of the PSR, with the exception of Paragraph 8, which described Gonzalez's admissions regarding his own drug purchasing and distribution activities. In particular, Gonzalez objected to Paragraph 16 of the PSR which described the drug distribution activities of Gonzalez and others alleged by Gonzalez's brother, Luis Rivera. Paragraph 16 utilized these allegations as a basis for calculating the quantity of heroin relevant to Gonzalez's offense conduct. Based on these allegations, the PSR concluded that Gonzalez was "involved with" approximately two kilograms of heroin, and established Gonzalez's base offense level at 32, under the then-mandatory United States Sentencing Guidelines.

At sentencing, the Government did not offer any witnesses to assist the court in resolving the disputed allegations regarding Gonzalez's alleged drug purchasing and

---

[2] Luis Rivera was charged and prosecuted in separate proceedings. In November 2003, Rivera was sentenced to 137 months imprisonment for distribution of heroin.

3

distribution activities, as claimed by Luis Rivera and reported in the PSR. The District Court, recognizing the inherent factual dispute, attempted to limit its sentencing analysis to consider only the conduct actually admitted by Gonzalez. The District Court adopted the PSR's estimate of approximately 2 kilograms as the quantity of heroin involved, relying upon the statement of the prosecutor that the activities actually admitted by Gonzalez implicated an amount of heroin equivalent to the PSR's estimate of approximately two kilograms of heroin. However, the PSR's drug quantity calculation was not based upon any conduct admitted by Gonzalez, but rather was based solely upon Luis Rivera's unproven allegations of the drug distribution conduct of Gonzalez and others.

The District Court granted Gonzalez a two-level reduction for acceptance of responsibility, but rejected Gonzalez's request for a reduction for "minimal participant" status pursuant to Section 3B1.2 of the Guidelines. The District Court reasoned that Gonzalez was not entitled to consideration for minimal participant status as a matter of law, because Gonzalez had not been charged with a conspiracy crime. The District Court sentenced Gonzalez to a total of 120 months incarceration, imposing consecutive terms of 60 months for each of the two interstate travel offenses. Gonzalez appealed the sentence, raising the same issues that he had identified at the sentencing hearing, and also appealing the consecutive nature of the terms of incarceration. This Court vacated the judgment and remanded for resentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005),

4

holding that the sentencing issues Gonzalez raised would be "best determined by the District Court in the first instance," but confirming that the District Court was within its discretion to impose a consecutive term of imprisonment.

At the resentencing hearing, Gonzalez was sentenced to a total term of imprisonment of 108 months, one year less than had been previously imposed. The sentence consisted of one 60-month term, and a consecutive 48-month term, for the two interstate travel offenses. Gonzalez timely filed this appeal, in which he reiterates his challenges to the District Court's calculation of the amount of heroin involved and the scope of the relevant "related conduct" for that analysis, as well as his challenge to the District Court's denial of any adjustment for "minimal participant" status. We will vacate the judgment of sentence and remand for further proceedings consistent with this opinion.[1]

## II

Gonzalez asserts that the District Court erroneously adopted the PSR's overstated calculation of the amount of heroin involved, and consequently established an improperly high base offense level for sentencing. We review for clear error the District Court's

---

[1] We have jurisdiction to review Gonzalez's conviction under 28 U.S.C. § 1291. We have jurisdiction to review Gonzalez's sentence for unreasonableness under 18 U.S.C. § 3742(a)(1). *United States v. Booker*, 543 U.S. 220, 260 (2005) (holding that §§ 3742 (a) and (b) "continue[] to provide for appeals from sentencing decisions (irrespective of whether the trial judge sentences within or outside the Guidelines range in the exercise of his discretionary power under § 3553(a))"); *United States v. Cooper*, 437 F.3d 324, 326 (3d Cir. 2006) (holding that an unreasonable sentence is "imposed in violation of law" under 18 U.S.C. § 3742(a)(1)").

findings of fact in support of the sentence. *United States v. Holman*, 168 F.3d 655, 660 (3d Cir. 1999); *United States v. Hillstrom*, 988 F.2d 448, 450 (3d Cir. 1993). Under the clear error standard, "factual findings are clearly erroneous if the findings are unsupported by substantial evidence, lack adequate evidentiary support in the record, are against the clear weight of the evidence or where the District Court has misapprehended the weight of the evidence." *United States v. Roman*, 121 F.3d 136, 140 (3d Cir. 1997) (quoting *Davin v. DOJ*, 60 F.3d 1043, 1049 (3d Cir. 1995)).

In establishing the base offense level for sentencing based on a calculation of drug quantity, the Government bears the burden of proof by a preponderance of the evidence. *United States v. Miele*, 989 F.2d 659, 663 (3d Cir. 1993). At sentencing, the District Court recognized that Gonzalez had objected to the PSR's calculation that the amount of heroin involved constituted approximately two kilograms, because that calculation was premised on conduct that had not been admitted by Gonzalez, had not been supported by any witness testimony at the hearing, and further included drug amounts attributable to the actions of members of the drug trafficking enterprise.

Unfortunately, the learned court was led astray by the prosecutor's insistence that the amount of heroin calculated by the PSR was equivalent to the amount implicated by Gonzalez's admitted conduct. Significantly, Gonzalez's admissions do not reflect an amount of heroin that is easily measured in grams; rather, the admissions describe transactions in "bundles" of heroin. No testimony or evidence in the prosecution's case

served to establish the nature of a "bundle" of heroin, and thus the Government had not carried its burden of proof regarding drug quantity.[2] Accordingly, the District Court's erroneous conclusion, abetted by the misstatement of the prosecutor, that the conduct admitted by Gonzalez implicated an amount equivalent to almost two kilograms of heroin, was not supported by the evidence before the court. Accordingly, we will vacate the judgment and remand to the District Court for further proceedings regarding the amount of heroin implicated by Gonzalez's conduct, and any other relevant conduct for which Gonzalez is accountable.[3]

### III

With regard to Gonzalez's contention that he was erroneously denied consideration for a reduction in sentence as a "minimal participant" under U.S.S.G. § 3B1.2., we note that the District Court refused to consider Gonzalez's eligibility as a "minimal participant" as a matter of law, because Gonzalez had not been charged with a conspiracy crime. Because the District Court framed its decision as a legal, rather than factual,

---

[2] At oral argument, the attorney for the Government conceded that the prosecutor at sentencing had not presented the District Court with a correct analysis of the quantity of heroin involved. We comment the attorney for the Government for his candor.

[3] We expect that upon remand for further proceedings regarding the amount of heroin implicated by Gonzalez's conduct, the District Court will address Gonzalez's contention that Luis Rivera's allegations regarding Gonzalez's alleged drug distribution activities are unreliable because Gonzalez claims he was incarcerated for some of the time periods during which Rivera claims Gonzalez was purchasing or distributing drugs. We also expect that the District Court will address the Government's argument that Gonzalez may be held accountable for the drug distribution activities of the conspiracy.

7

matter, we exercise plenary review. *United States v. Bernard*, 373 F.3d 339, 341 (3d Cir. 2004). Moreover, plenary review is appropriate because the District Court's decision constitutes an interpretation of the Guidelines. *United States v. Bernard*, 373 F.3d 339, 341 (3d Cir. 2004).

Section 3B1.2 of the Guidelines, entitled "Mitigating Role," provides:

> Based on the defendant's role in the offense, decrease the offense level as follows:
>
> (a)    If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
>
> (b)    If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
>
> In cases falling between (a) and (b), decrease by 3 levels.

U.S.S.G. § 3B1.2. The commentary to that section indicates that a mitigating role adjustment is "not applicable unless more than one participant was involved in the offense." *Id.* at Application Note 2. "Accordingly, an adjustment under this guideline may not apply to a defendant who is the only defendant convicted of an offense unless that offense involved other participants in addition to the defendant." *Id.* The application notes offer further guidance for the implementation of this adjustment guideline:

> A defendant who is accountable under §1B1.3 (Relevant Conduct) only for the conduct in which the defendant personally was involved and who performs a limited function in concerted criminal activity is not precluded from consideration for an adjustment under this guideline. For example, a defendant who is convicted of a drug trafficking offense, whose role in that offense was limited to transporting or storing drugs and who is

8

accountable only for the quantity of drugs the defendant personally transported or stored is not precluded from consideration for an adjustment under this guideline.

*Id.* at Application Note 3(A).

At the initial sentencing hearing, the Government argued that Gonzalez was not entitled to consideration for a minimal participant adjustment because he was not charged with participation in a drug trafficking conspiracy, but was instead charged with traveling to New York to facilitate narcotics trafficking. The District Court adopted the Government's interpretation, ruling that "as a legal matter," the adjustment was not available to Gonzalez because he was not charged with being a part of a conspiracy.

We conclude that the District Court erred in its interpretation of the mitigating role guideline, by determining, as a legal matter, that Gonzalez was precluded from consideration because he was not charged with a conspiracy offense. Gonzalez pled guilty to two counts of interstate travel in aid of drug racketeering. We note that even though Gonzalez was the sole participant charged with the interstate travel offense, the nature of the offense as an activity in aid of racketeering necessarily implies the existence of a racketeering enterprise, and hence implicates "concerted criminal activity" undertaken by other members of the drug-trafficking enterprise. The fact that Gonzalez was not convicted of a conspiracy offense does not preclude a court from considering him as part of a larger enterprise, and does not automatically dictate that he cannot be viewed as a minimal or minor participant in particular conduct in which others also participated.

In light of the foregoing, we find that the District Court quite understandably erred in ruling on this issue. The fact that Gonzalez was not charged with or convicted of a conspiracy offense does not preclude consideration for a mitigating role adjustment, and we remand to the District Court for further proceedings and factual findings regarding Gonzalez's eligibility for a mitigating role adjustment.[4]

IV

In conclusion, we will vacate the judgment of sentence in this case, and will remand to the District Court for factual findings and analysis of: (1) the scope of the "relevant conduct" for which Gonzalez will be held accountable (i.e., whether the base offense level calculation will consist of only those quantities of drugs attributable to Gonzalez's actions, or whether such calculation will include quantities attributable to other members of the drug trafficking enterprise); (2) the quantity of heroin implicated by Gonzalez's acts and any other relevant conduct for which Gonzalez is accountable; and (3) whether Gonzalez is entitled to a mitigating role reduction.

---

[4] We express no conclusion as to whether Gonzalez is entitled to any mitigating role adjustment, as such a determination is a factual matter reserved to the District Court. *See* U.S.S.G. § 3BI.2, Application Note 3(C) (stating that a mitigating role adjustment determination is "heavily dependent upon the facts of the particular case"). Notably, Gonzalez may not warrant any mitigating role adjustment as the charge of interstate travel in aid of racketeering as a result of a plea bargain is "an offense significantly less serious than warranted by his actual criminal conduct," U.S.S.G. § 3B1.2, Application Note 3(B), since he would already have received, in essence, a mitigating role reduction by virtue of the conviction on a lesser charge. We expect that, upon remand, the District Court will consider all of these factors in making its factual findings regarding Gonzalez's eligibility for a mitigating role adjustment.