

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-31-2007

# USA v. Gonzalez

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3599

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Gonzalez" (2007). *2007 Decisions.* Paper 668.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/668

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3599
_____

UNITED STATES OF AMERICA

v.

FAUSTINO GONZALEZ,
                            Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 02-cr-00261-07)
District Judge: Honorable William W. Caldwell
_____

Submitted Under Third Circuit LAR 34.1(a)
on July 10, 2007

Before:  RENDELL and AMBRO, <u>Circuit Judges</u>
and SHAPIRO,* <u>District Judge</u>.

(Filed:  July 31, 2007)
_____

OPINION OF THE COURT
_____

_____

    *  Honorable Norma L. Shapiro, Senior Judge of the United States District Court for
    the Eastern District of Pennsylvania, sitting by designation.

SHAPIRO, <u>District Judge</u>.

Appellant-defendant Faustino Gonzalez ("Gonzalez") appeals a criminal sentence of 84 months imposed following a plea of guilty to two counts of interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952(a)(3). Gonzalez's counsel, submitting there are no nonfrivolous issues raised in the appeal, has moved to withdraw from the appeal, and filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). We will affirm the District Court's judgment of sentence and grant counsel's motion to withdraw.

I.

In the summer of 2001, the Bureau of Narcotics Investigation, Drug Enforcement Administration, and Internal Revenue Service jointly investigated reported members or associates of the Almighty Latin King and Queen Nation (the "Latin Kings") led by Luis D. Rivera ("Rivera"). Rivera's brother, Gonzalez, traveled with Rivera to New York to purchase heroin in February 2001 and December 2001. (PSR ¶ 8.) Gonzalez did not know the amount purchased, but described it as a "large quantity." *Id*.

On October 23, 2002, Gonzalez was charged with two counts of "intentionally and knowingly manufacturing, distributing, or possessing with the intent to manufacture and distribute heroin," in violation of 21 U.S.C.A. § 841(a)(1), and aiding and abetting the commission of an offense, in violation of 18 U.S.C.A. § 2. Both charged events allegedly occurred from September 2000 through February 2002. For much of that time period, Gonzalez was incarcerated on unrelated state charges; he was incarcerated on February

2

26, 2001, and re-paroled to a drug program from August 27, 2001, until November 27, 2001.

Gonzalez pled guilty to a felony information charging him with two counts of interstate travel in aid of racketeering under 18 U.S.C. § 1952(a)(3). At sentencing, Gonzalez objected to three aspects of the pre-sentence report: miscalculation of the quantity of heroin; failure to recognize his minimal participation in the offense; and the failure of the trial court to grant a reduction for acceptance of responsibility. The District Court granted Gonzalez a two level decrease for acceptance of responsibility, but denied his other objections.

Gonzalez was sentenced to 120 months of imprisonment (consecutive 60-month terms on Counts One and Two) consecutive to Gonzalez's undischarged terms of imprisonment in York County.[1] Gonzalez was also sentenced to two three-year terms of supervised release on Counts One and Two, concurrent to each other.[2]

Gonzalez, appealing his sentence, argued: his federal custodial sentence should run concurrent to his undischarged state terms of imprisonment; the District Court erred in determining his interstate travel in aid of drug trafficking involved a total of approximately two kilograms of heroin; and he was entitled to a reduction for minimal

---

[1]It appears that, at the time of sentencing, Gonzalez was serving two concurrent 5-10 year terms on state charges and had a pending appeal concerning parole revocation for a 24 month period.

[2]Gonzalez was also ordered to pay a $1,000 fine.

participation. We held the District Court had discretion to impose a custodial sentence consecutive to Gonzalez's undischarged state terms, did not decide the other two issues raised on appeal, vacated Gonzalez's sentence, and remanded for resentencing in light of the subsequent decision in *United States v. Booker*, 543 U.S. 220 (2005).

At the District Court resentencing hearing, it imposed a sentence of 108 months' incarceration, one year less than the previous sentence; otherwise, the prior sentence was reimposed. Gonzalez appealed again and argued the District Court miscalculated the drug amounts and improperly denied his request for a downward departure under the advisory Sentencing Guidelines as a minimal participant. We vacated his sentence and remanded for a second resentencing hearing and directed the District Court to address the scope of the "relevant conduct" for which Gonzalez would be held accountable, the quantity of heroin involved in Gonzalez's acts, any other relevant conduct, and whether Gonzalez was entitled to a mitigating role reduction.

At the second resentencing, the District Court found the amount of heroin was at least 80 grams but less than 100 grams; it also agreed to a two-level reduction in the offense level because Gonzalez was a minor participant in the drug operation. Gonzalez was sentenced to 60 months in custody on Count One and 24 months on Count Two consecutive to Count One but concurrent to Gonzalez's undischarged terms of imprisonment in York County (a total of 84 months of incarceration). The District Court

4

also imposed three years of supervised release.[3]  Gonzalez filed a timely appeal and now argues: his 24-month sentence on Count Two should have been imposed concurrent to the 60-month sentence on Count One; the District Court applied the incorrect offense level and criminal history category; and he should have received a four-level decrease in offense level as a "minimal participant."  Counsel filed an *Anders* motion to withdraw.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Under *Anders*, if counsel, after conscientious examination, finds the case wholly frivolous, he should advise the court and request permission to withdraw.  386 U.S. at 744.  The request to withdraw must be accompanied by a brief referring to anything in the record that might arguably support the appeal; the brief must be provided to the appellant and time allowed him to respond.  *Id*.  The court fully examines all the proceedings and decides whether the case is wholly frivolous.  *Id*.  If the court finds the case frivolous, it may grant counsel's request to withdraw and dismiss the appeal, or proceed to a decision on the merits.  *Id*.  But if the court finds any of the legal points arguable on their merits, it must afford the indigent appellant assistance of counsel to argue the appeal.  *Id*.

Local Appellate Rule 109.2(a) reflects the *Anders* guidelines.  It requires that, "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to

---

[3]Gonzalez again was ordered to pay a $1,000 fine.

withdraw and supporting brief pursuant to [*Anders*], which shall be served upon the appellant and the United States." Third Circuit L.A.R. 109.2(a).

The court's inquiry when counsel submits an *Anders* brief is twofold. It must first determine whether counsel adequately fulfilled the requirements of Rule 109.2(a). *United States v. Youla*, 289 F.3d 296, 300 (3d Cir. 2001). The *Anders* brief must satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and explain why the issues are frivolous. *See id.* Counsel need not raise and reject every possible claim, but, at a minimum, he or she must meet the "conscientious examination" standard under *Anders*. *Id.*

The court then determines whether an independent review of the record presents any issues that are not frivolous. *Id.* at 301. Where the *Anders* brief initially appears adequate on its face, the appellate court is guided in reviewing the record by the brief itself. *Id.* An appeal on a matter of law is frivolous where none of the legal points are arguable on the merits. *Id.*

Counsel's *Anders* motion raises one issue: whether the District Court erred by imposing consecutive sentences for the two counts of interstate travel in aid of racketeering. Counsel summarized the facts and procedural history of the case, identified the issue, and cited the applicable law. He explained the issue is frivolous because Gonzalez, having pled guilty to interstate travel in aid of racketeering, in violation of 21 U.S.C.A. § 1925(a)(3), on two distinct occasions, was subject to sentencing for each violation. When multiple terms of imprisonment are imposed on a defendant at the same

6

time, the district court may impose concurrent or consecutive terms, except the terms may not run consecutively for an attempt and for another offense that was the sole object of the attempt. 18 U.S.C. § 3584(a). The Sentencing Guidelines advise, "if the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." U.S.S.G. § 5G1.2(d). The statutory maximum of 60 months for one count of interstate travel in aid of racketeering is less than Gonzalez's sentencing guidelines range of 70 to 87 months. The consecutive sentence imposed by the District Court, totaling 84 months, is within the guidelines range and is reasonable because Gonzalez committed interstate travel in aid of racketeering on two separate occasions. The Court agrees this issue is frivolous.[4]

In response to the *Anders* motion, Gonzalez filed a brief raising two additional issues. Gonzalez argues the District Court applied the incorrect offense level and

---

[4]Under 18 U.S.C. § 3584(b), in determining whether to impose consecutive sentences, a district court must also consider the 18 U.S.C. § 3553(a) factors. The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). A court is not required to discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing. *Id.* At the resentencing hearing on June 9, 2006, the District Court heard statements from Gonzalez, from two of his family members, and argument from counsel about Gonzalez's post-arrest rehabilitation. The Judge noted the offense level and criminal history category, and acknowledged that Gonzalez had a loving family, before imposing the sentence. The District Court adequately considered the 18 U.S.C. § 3553(a) factors.

criminal history category. Under U.S.S.G § 2E1.2, the base offense level for an 18 U.S.C. § 1952(a)(3) offense is the greater of six or the offense level applicable to the underlying unlawful activity with respect to which the travel was undertaken. The offense level under U.S.S.G § 2D1.1 for drug offenses involving at least 80 grams but less than 100 grams of heroin is 24. The District Court subtracted two levels for minor participation and two levels for acceptance of responsibility, and correctly concluded Gonzalez's offense level was 20. Sent. Hr'g Tr. 3, 10, June 9, 2006.

The pre-sentence report, citing U.S.S.G. § 4A1.1, states Gonzalez has a subtotal of nine criminal history points based on three York County Court convictions for delivery of heroin and cocaine. Two points were added under U.S.S.G. § 4A1.1(d) because Gonzalez committed the instant offense while on parole. Another point was added under U.S.S.G. § 4A1.1(e) because Gonzalez committed the instant offense less than two years after his release from imprisonment in York County. Gonzalez has a total of 12 criminal history points; that would ordinarily result in a criminal history category of V, but as a career offender, his criminal history category is automatically increased to VI. Gonzalez's argument that his offense level and criminal history category were miscalculated is frivolous.

Gonzalez also argues he should have received a four-level decrease in offense level because he was a minimal participant. U.S.S.G. § 3B1.2 provides a four-level decrease in the offense level of a "minimal participant" in any criminal activity and a two-level decrease in the offense level of a "minor participant." A "minimal participant" is

8

one who plays a minimal role in concerted activity and is "plainly among the least culpable of those involved." U.S.S.G. Manual § 3B1.2 cmt. n. 4 (2006). This adjustment is to be applied infrequently. *Id.* A "minor participant" is one who is less culpable than most other participants, but whose role cannot be described as minimal. U.S.S.G. Manual § 3B1.2 cmt. n. 5 (2006).

In applying § 3B1.2, a district court must weigh the totality of the particular circumstances in a defendant's case, and is not required to grant an adjustment based solely upon the defendant's assertions. U.S.S.G. Manual § 3B1.2 cmt. n. 3(C) (2006). The district court's inquiry involves weighing factors such as the defendant's relationship to other participants, his knowledge of others' activities, the importance of his actions to the success of the venture, his economic interest in the scheme and his physical participation. *United States v. Price*, 13 F.3d 711, 735 (3d Cir. 1994). District courts exercise broad discretion in applying § 3B1.2 and their rulings are left largely undisturbed on appeal. *See United States v. Isaza-Zapata*, 148 F.3d 236, 238-39 (3d Cir. 1998); *United States v. Haut*, 107 F.3d 213, 217 (3d Cir. 1997) (district court's factual findings regarding classification as minimal participant are sustained unless clearly erroneous). Gonzalez accompanied his brother to New York to purchase heroin. When this Court remanded for resentencing on April 26, 2006, we noted, "Gonzalez may not warrant any mitigating role adjustment as the charge of interstate travel in aid of racketeering as a result of a plea bargain is 'an offense significantly less serious than warranted by his actual criminal conduct,' U.S.S.G. § 3B1.2, Application Note 3(B), since he would

9

already have received, in essence, a mitigating role reduction by virtue of the conviction on a lesser charge." *United States v. Gonzalez*, 178 Fed. Appx. 130, 135 n. 6 (3d Cir. 2006). Nevertheless, finding Gonzalez a minor participant, the District Court granted a two-level reduction in offense level. The decision not to grant a four-level reduction was clearly within its discretion. Gonzalez's argument is frivolous.[5]

Where the court finds adequate merit to the appeal, the court will discharge current counsel, appoint substitute counsel, and restore the case to the calendar. Third Circuit L.A.R. 109.2(a); *see Youla*, 241 F.3d at 302. Where an appeal is without merit, the court will grant counsel's *Anders* motion and dispose of the appeal without appointing new counsel. *Id*. We discern no merit to Gonzalez's appeal.

## III.

We will AFFIRM the June 9, 2006, sentence imposed by the District Court and GRANT counsel's motion to withdraw.

---

[5]We also note that Gonzalez makes allegations in support of an ineffective assistance of counsel claim in the "Statement of facts" section of his brief only. If an appellant fails to set forth a particular issue on appeal and present an argument in support of that issue in the opening brief, then the appellant normally has abandoned and waived that issue on appeal and we do not address it. *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993). Gonzalez has not set forth any arguments or citations relevant to an ineffective assistance of counsel claim in his brief. No ineffective assistance of counsel claim has been preserved, and we decline to address any such claim.